**SOL SALINS, INC., Appellant,**

v.

**SURE WAY REFRIGERATED TRUCK TRANSPORTATION BROKERS, INC., Appellee.**

No. 84–967.

District of Columbia Court of Appeals.

Argued Nov. 19, 1985.

Decided June 11, 1986.

Howard B. Silberberg, McLean, Va., for appellant.

John S. Burson, Arlington, Va., for appellee.

Before NEBEKER and TERRY, Associate Judges, and GALLAGHER, Senior Judge.

NEBEKER, Associate Judge:

Appellant Sol Salins, Inc., appeals from the trial court's decision granting appellee's motion to quash service of process and to dismiss for lack of personal jurisdiction. Appellant argues here that the trial court erred in ruling that appellee's business activities do not fall within the purview of the District of Columbia long-arm statute, D.C. Code § 13–423 (1981).[1] Finding appellant's argument unpersuasive, we affirm.

I

On or about May 21, 1982, appellant Salins purchased several varieties of fresh produce from a distributor of agricultural produce in California. Appellee Sure Way, which is an incorporated broker of truck transportation with its principal place of business in California, was contacted in California [2] and was requested to arrange

---

1. Appellant alleges that appellee's activities fall within each of the following three subsections of D.C. Code § 13–423 (1981):

   (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

   (1) transacting any business in the District of Columbia;

   (2) contracting to supply services in the District of Columbia;

   \* \* \* \* \* \*

   (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

2. The parties disagree about who contacted Sure Way to request it to arrange for the transportation of appellant's produce. Salins alleges that it contacted Sure Way at Sure Way's California office. Sure Way alleges that the agricultural produce distributor initiated the request. In either event, the record is clear that, in this

for the transportation of Salins' produce to the District of Columbia. Based on this request, Sure Way contacted a trucking company in California that agreed to transport Salins' produce. The shipping manifest for the transaction specified that Salins would pay the trucker for the cost of transporting the produce when the goods arrived in the District of Columbia. Sure Way would then receive from the trucker a percentage of the payment as commission for its services.

Prior to the date the produce was shipped, Sure Way had neither contacted Salins in the District of Columbia concerning the transaction nor entered into a contract with Salins for the items to be shipped. Sure Way had, however, arranged for previous shipments to Salins and believed that Salins still owed it compensation for two past shipments.[3] In an effort to collect this past due amount, Sure Way sent a mailgram to Salins in the District of Columbia demanding immediate payment of the past due amount plus its commission for the shipment in transit and threatening to sell the load if such payment was not immediately tendered. Salins failed to tender payment and, therefore, Sure Way contacted the trucker and requested that he deliver the produce to another producer; the trucker complied with this request.[4] Thus, Salins instituted this action in the District of Columbia seeking damages for Sure Way's alleged wrongful conversion and fraud. The trial court ordered that service of process be quashed and dismissed the action on the ground that it lacked personal jurisdiction over

Sure Way. It is from this order that Salins appeals.

## II

### A.

A court may exercise personal jurisdiction over a nonresident defendant if the jurisdiction's long-arm statute authorizes service of process and if application of the statute is consistent with due process. *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945); *Mouzavires v. Baxter,* 434 A.2d 988, 990 (D.C.1981) (en banc). In prior decisions, we have held that personal jurisdiction under the District of Columbia long-arm statute may be exercised to the fullest extent due process permits. *Mouzavires v. Baxter, supra,* 434 A.2d at 990; *Rose v. Silver,* 394 A.2d 1368, 1369 (D.C.1978); *Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc.,* 355 A.2d 808, 811 (D.C.1976) (en banc). Thus, we focus our inquiry on the due process question, *i.e.,* whether there exists "a sufficient connection between the defendant and the forum State as to make it fair to require defense of the action in the forum." *Kulko v. Superior Court,* 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978).

Due process protects a defendant from the jurisdiction of a forum with which he lacks sufficient contact. *Burger King Corp. v. Rudzewicz,* —— U.S. ——, 105 S.Ct. 2174, 2181–82, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington, supra,* 326 U.S. at 319, 66 S.Ct. at 159. Due process concerns are particularly acute when a defendant is not physically

particular transaction, Sure Way did not solicit appellant's business in the District of Columbia.

3. According to Salins' affidavit, Salins communicated directly with Sure Way to arrange for the shipment of approximately 85 loads of produce from California to Salins in the District of Columbia. Although Salins alleges that some of these shipments were arranged at his request and others at the request of Sure Way, there is nothing in the record to indicate for which shipments, if any, Sure Way solicited Salins' business in the District of Columbia. In addi-

tion, there is nothing in the record to indicate whether Sure Way ever actually transported the produce itself or ever entered the District of Columbia for the purpose of transacting business.

4. The trucker in this instance apparently was neither employed by Sure Way nor was he Sure Way's agent. Instead, Sure Way alleges that the trucker was merely doing it a favor by diverting the shipment to another purchaser.

present in the forum; in those circumstances, a defendant must have certain "minimum contacts" with the forum that are "continuous and systematic" and not merely "casual ... single or isolated." *International Shoe Co. v. Washington, supra,* 326 U.S. at 317, 66 S.Ct. at 158. In short, "there [must] be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

A defendant's contacts with the forum must be such that "he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Thus, the defendant must initiate purposeful contacts with the forum; jurisdiction cannot be based on "[t]he unilateral activity of those who claim some relationship with a nonresident defendant...." *Hanson v. Denckla, supra,* 357 U.S. at 253, 78 S.Ct. at 1239. If a defendant's contacts with the forum are unintentional, isolated, or lacking in purpose, the "reasonable foreseeability of litigation in the forum is substantially dimin-

ished." *Burger King Corp. v. Rudzewicz, supra,* 105 S.Ct. at 2184 n. 18.

### B.

Salins contends that Sure Way's activities in California fall within the reach of three separate provisions of the District of Columbia long-arm statute. *See supra* note 1. We hold that the connection presented in this case between Sure Way and the District of Columbia was insufficient to permit our courts to exercise personal jurisdiction consistent with the "traditional conception of fair play and substantial justice." *International Shoe Co. v. Washington, supra,* 326 U.S. at 320, 66 S.Ct. at 160; *See Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc., supra.*[5] Sure Way is a California corporation with its principal place of business there. The service Sure Way provides is to coordinate the transportation of goods between the seller or purchaser and a motor carrier.[6] In return for this service, Sure Way receives a percentage of the cost of transportation. Thus, Sure Way's role in this or any similar transaction begins and ends in California.

**5.** The United States Supreme Court has recently expanded the reach of local courts in their exercise of personal jurisdiction over nonresident defendants. *See Burger King Corp. v. Rudzewicz, supra* (Michigan franchisee of Florida corporation held subject to Florida long-arm statute when contract stipulated it was made in Florida and governed by its laws and substantial dealings were all with Florida corporation); *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (intentional conduct in Florida by resident reporter and editor calculated to injure plaintiff in California where magazine story about plaintiff was written about her conduct in California and magazine was widely circulated there held sufficient to support California court's exercise of jurisdiction); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (regular and substantial circulation in New Hampshire of Ohio magazine held sufficient to support exercise of personal jurisdiction). Although we acknowledge this trend, we abide by our view that such a trend does not "suggest that restraints upon jurisdictional authority now are nonexistent, or

that the inquiry into the extent of a defendant's contacts with the forum state is an empty process." *Environmental Research, Inc. v. Lockwood Greene Engineers, Inc., supra,* 355 A.2d at 811.

**6.** Sure Way's shipping manifest helps define appellee's role in the transaction in question. The manifest reads in part:

The undersigned carrier does hereby acknowledge that in respect to the shipment hereinabove indicated, Sure Way and employees, is acting solely as transportation broker and is not responsible in any manner whatsoever in respect of the commodities shipped, the transportation and carriage thereof, or any other respect and shall not be liable for any damage, losses, injury to such product or in connection with the transportation and carriage of the same or for any charges in connection therewith, and the undersigned for valuable consideration hereby releases and agrees to protect, defend and hold Sure Way and employees harmless from any and all such losses, liabilities, or claims.

The record before us indicates that Sure Way did not solicit Salins' business in the District of Columbia concerning the transaction in issue. Indeed, Sure Way's only direct contact with Salins here was in sending a mailgram requesting payment of a past due amount that accrued from prior brokerage-type transactions and threatening future action if such payment was not tendered. Although Salins' affidavit lists numerous previous transactions between the parties, there is nothing in the record to indicate the precise nature of those transactions, *i.e.*, whether Sure Way solicited Salins' business in the District of Columbia or contracted directly with Salins here to provide brokerage-type services. Because we conclude that the contacts in the single transaction before us do not provide sufficient "minimum contacts" with the District of Columbia, other transactions of a similar nature offer little assistance in fulfilling the requirements of due process. We must bear in mind that in any minimum contacts analysis, due process concerns require us to evaluate a defendant's contacts with the forum "qualitatively rather than quantitatively." *Mouzavires v. Baxter, supra,* 434 A.2d at 995.

Significantly, Sure Way was drawn into the transaction that is the subject of this lawsuit either at Salins' direct request (as Salins admits) or at the request of a third party (according to Sure Way). If we accept Salins' version on this point and decide the case as Salins suggests, we would permit future litigants to extend our courts' jurisdiction over nonresident defendants solely on the basis of one business transaction or a series of transactions that the resident party initiated. This we may not do consistent with due process, for the contact is too minimal. *See Hanson v. Denckla, supra,* 357 U.S. at 253, 78 S.Ct. at 1239; *see also World-Wide Volkswagen Corp. v. Woodson, supra,* 444 U.S. at 298, 100 S.Ct. at 567. It is important in our analysis to recognize that the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has suffi-

cient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984).

Thus, we conclude that Sure Way's activities were restricted almost entirely to California; it is invoked neither the benefits nor the protections of the District of Columbia's laws necessary to satisfy due process requirements.

Accordingly, we affirm the order of dismissal.

*So ordered.*