**QUETEL CORPORATION, Plaintiff,**

v.

**COLUMBIA COMMUNICATIONS INTERNATIONAL, INC., Defendant.**

**Civ. A. No. 91–2658.**

United States District Court, District of Columbia.

Dec. 17, 1991.

---

J. William Koegel of Steptoe & Johnson, Washington, D.C., for plaintiff.

David P. Durbin of Jordan, Coyne, Savits & Lopata, Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

The Court heard oral argument on the Motion to Dismiss for Lack of Personal Jurisdiction filed by the defendants from the law firm of Cohen, Todd, Kite and Stanford[1] ("Cohen, Todd") on December 16, 1991. Upon careful consideration of the submissions of the parties, the arguments of counsel, the applicable law, and the entire record herein, the Court denied the defendant Cohen, Todd's Motion to Dismiss. In addition, the Court set further deadlines to govern this action.

The plaintiff QueTel Corporation's dispute with the Cohen, Todd defendants arises out of the plaintiff's dispute with Cohen, Todd's former client, defendant Columbia Communications International, Inc. ("CCI"). QueTel alleges that it had entered into a supply agreement with CCI as part of CCI's supply contract with the United States Department of State. Because QueTel asserted that CCI was delinquent in making contract payments, Cohen, Todd entered into a contract in November, 1988 whereby it agreed to be the sole signatory on an escrow account established at the Fifth Third Bank of Cincinnatti, Ohio. Payments to be made by the Department of State under the contract with CCI were to flow into this account with Cohen, Todd then authorizing wire transfers of funds from that account to QueTel's bank account in Washington, D.C. This agreement was reached after a number of communications between the parties via letters, telephone, and telecopiers. *See* Pl.'s Opp. to Mot. to Dismiss at Tab A. QueTel asserts that it never received one payment of $24,300.

The applicable provisions of the D.C. Long–Arm statute provides:

(a) A District of Columbia court may exercise personal jurisdiction over a person ... as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia;

D.C. Code § 13–423.

Under subsection (a)(1), personal jurisdiction may exist either if 1) the defendant operates so continuously and substantially in the District that it is fair to allow anyone to sue the defendant in the District, wherever the claim arose; or 2) if the claims asserted arise out of any of the

---

**1.** These defendants are Thomas N. Bergman, Michael J. Boylan, John G. Cobey, Alfred M. Cohen, Burgess L. Doan, William T. Hayden, Edward A. Hogan, Thomas C. Kilcoyne, William M. Kite, Terrence A. Mire, Todd B. Portune, Marc W. Rubin, Stanley L. Stanford, David H. Todd, and Gary L. Yerke.

business that the defendant transacted in the District. *Crane v. Carr*, 814 F.2d 758, 763 (D.C.Cir.1987). The limits of subsection (a)(1) are coextensive with the due process clause. *Mouzavires v. Baxter*, 434 A.2d 988 (D.C.App.1981), *cert. denied*, 455 U.S. 1006, 102 S.Ct. 1643, 71 L.Ed.2d 875 (1982).

■ Due process requires that a defendant have minimum contacts with the forum state such that being sued there comports with traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The defendant's conduct and connection with the forum state must be such that the defendant should "reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). This requirement is met if the defendant has " 'purposefully directed' his activities at residents of the forum" and the litigation arises from those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528 (1985) (citations omitted).

Subsection (a)(1) applies to "those contractual activities of a nonresident defendant which cause a consequence" in the District of Columbia. *Mouzavires* at 992. In *Mouzavires*, the District of Columbia Court of Appeals held that there was personal jurisdiction over a defendant who initiated and entered into a contract with a resident of the District, engaged in a transaction substantially connected to the District, with foreseeable consequences in the District, even though the defendant was not physically present in D.C. and entered into the contract via a single telephone call. *Id.*

Under the *Mouzavires* analysis, the plaintiff's claims against the Cohen, Todd defendants arise from business that Cohen, Todd transacted in the district, sufficient to warrant personal jurisdiction over these defendants in this forum. Cohen, Todd's contacts with the District were deliberate and voluntary.[2] In its motion, Cohen, Todd acknowledges that it "undertook" to serve as the sole signatory on the escrow account. Def.'s Mot. at 3. The firm entered into a contract with QueTel, which it knew was located in the District. The escrow contract was substantially connected to the District: QueTel's services were to be performed in the District, and Cohen, Todd was to ensure that payments were made to QueTel from the escrow account into its account in the District. The alleged consequence of this transaction and injury to QueTel—failure to be paid—occurred in the District when allegedly failed to arrange payment into QueTel's D.C. bank account. This result is sufficiently foreseeable for Cohen, Todd to "reasonably anticipate being haled into court" here. *See World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567.

Accordingly, it is, by the Court, this 17th day of December, 1991,

ORDERED that the Motion to Dismiss filed by the Cohen, Todd defendants shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the Cohen, Todd defendants shall file their Motion for Summary Judgment with the Court and with Chambers by 4:00 p.m. on January 10, 1992; and it is

FURTHER ORDERED that the plaintiff shall file its opposition with the Court and with Chambers by 4:00 p.m. on January 21, 1992; and it is

FURTHER ORDERED that the Cohen, Todd defendants shall file their reply with the Court and with Chambers by 4:00 p.m. on January 27, 1992.

---

**2.** The Court recognizes that the Cohen, Todd defendants' business in the District grew out of the firm's efforts to help its Ohio-based client, CCI. Nevertheless, the firm did voluntarily agree to enter into a contract with a District of Columbia corporation that had a substantial relation to the District of Columbia. Therefore, the Court concludes that this case is distinguishable from *Sol Salins, Inc. v. Sure Way Refrigerated Truck Trans. Brokers, Inc.*, 510 A.2d 1032, 1035 (D.C.App.1986), and that the *Mouzavires* analysis should apply.